## M. E. CHAPMAN AND ROSA GRILLS V. THE STATE.

No. 8863.   Delivered March 10, 1926.

### 1.—Adultery—Requested Charge—Erroneously Refused.

Where, on a trial for adultery, upon a count in the indictment which charged that appellants lived together and had carnal intercourse with each other, it was error to refuse a requested charge to the effect that the jury must find and believe that appellants not only lived together, but that they had carnal intercourse with each other while so living together.

### 2.—Same—Continued.

Before a conviction can be sustained for adultery, under this phase of the statute, the act of intercourse must take place at or during the time the parties are actually living together. It is not sufficient to show that they lived together, and that the act of intercourse may have taken place at some other time than the time during which they actually lived together.

Appeal from the County Court of Stephens County.   Tried below before the Hon. E. F. Ritchey, Judge.

Appeal from a conviction for adultery, penalty of fine of $100 against each appellant.

*L. H. Welch* of Breckenridge, for appellants.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is adultery and the punishment is a fine of $100.00.

The conviction was based upon a count in the indictment which charged that the appellants lived together and had carnal intercourse with each other. The evidence tending to show guilt was purely circumstantial. In submitting the case to the jury the court merely gave the statutory definition of

adultery in general terms. The appellants objected to the charge of the court and requested a correct special charge covering this matter. In their special charge the appellants requested the court to submit to the jury the proposition that before a conviction would be justified the jury must find and believe from the evidence that the defendants did on or about the time alleged in the indictment live together as that term is defined by statute and that the jury must further find and believe from the evidence that the defendants not only lived together, but they must further find and believe from the evidence that the defendants had carnal intercourse with each other while so living together. We think this charge pertinently presented the issues involved in this case and that the trial court was in error in refusing to give it.

Under the charge as given the jury would have been authorized to convict the appellants upon proof of the mere fact that they lived together provided the jury should conclude that they had at any time had intercourse with each other regardless of whether the act of intercourse took place while they were living together or at some other time. This is not the law. Before a conviction can be sustained for adultery under this phase of the statute, the act of intercourse must take place at or during the time the parties are actually living together. It is not sufficient to show that they lived together and that the act of intercourse may have taken place at some time other than the time during which they are actually living together.

Because of the court's error above discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.